UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 18-CR-20697

v.                                          District Judge Nancy G. Edmunds
                                           Magistrate Judge Kimberly G. Altman

DEVIN REED,

       Defendant.
_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Devin Reed is before the Court on Defendant's request for a detention hearing pending a hearing on charges that he violated the terms of his supervised release. On August 12, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons. For the reasons which follow, the government's motion is granted.

**Factual Background**

July 8, 2019, Defendant was sentenced to 60 months incarceration and three years of supervised release following his conviction for possession with the intent

to distribute controlled substances, in violation of 21 U.S.C. § 841. His term of supervision began on October 6, 2022.

According to the violation report filed on June 18, 2024, Defendant is alleged to have violated the terms of his supervised release by engaging in new criminal activity. Specifically, Defendant was involved in an incident on May 25, 2024 in which he had a firearm.[1] As the government explained in its proffer, Defendant was threatening others with a gun at a home where children were present, prompting one victim/witness to call to 911.

A hearing on the supervised release petition is scheduled before Judge Edmunds on October 29, 2024.

**Analysis**

Because Defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of Criminal Procedure 32.1. Under Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings.

---

[1] Defendant has been separately indicted with felon in possession of a firearm related to the May 25, 2024 incident. *United States v. Reed*, 24-cr-20380. Defendant consented to detention at his initial appearance. However, Defendant later decided to have a detention hearing which was also held on August 12, 2024. The Court entered an order of detention in that case following the combined detention hearing.

Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 8 U.S.C. § 3143(a)(1). The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6).

The government argues that Defendant has not meet his burden as to flight or danger. The Court agrees. As the Court noted at the hearing, Defendant has been charged with a second federal offense – a gun offense – while under federal supervision. The circumstances of the offense are concerning. The only way to assure Defendant's appearance and safety of those in the community is for Defendant to remain in custody pending the hearing. In sum, although the Court is not unsympathetic to Defendant, he has not met the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6).

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of

an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: August 13, 2024           s/Kimberly G. Altman
Detroit, Michigan           KIMBERLY G. ALTMAN
         United States Magistrate Judge